BURTON *v.* BINGHAM.

5-3579                                389 S. W. 2d 876

Opinion delivered May 10, 1965

*Terral, Rawlings & Matthews,* for appellant.

*Rose, Meek, House, Barron, Nash & Williamson,* for appellee.

JIM JOHNSON, Associate Justice. This is an action for personal injuries to a child pedestrian. On January 2, 1964, eleven-year-old Barbra Withers, attempting to cross Highway 65 at Woodson, was struck and injured by a tractor-trailer rig driven by appellee Earnie Bingham. Suit was filed in Pulaski Circuit Court on March 31, 1964, by appellant Emma Jean Burton, Barbra's mother, against Bingham and his employer. The case was tried to a jury on November 4, 1964, and resulted in verdicts and judgment for appellees.

For reversal appellant contends that the court erred in giving an instruction on unavoidable accident.

In a very recent opinion, *Houston* v. *Adams* (*opinion delivered* April 26, 1965), 239 Ark. 346, 389 S. W. 2d 872, this court scrutinized the giving of instruction on unavoidable accident as follows:

"First, it is insisted that upon the facts of this case the trial court should not give an instruction submitting the issue of unavoidable accident to the jury. It is pertinent to observe that we have held that a collision is the result of an unavoidable accident if it is not attributable to negligence on the part of either party. [Cases cited.] The defendants argue that since the jury *might* find that they were free from negligence the instruction is proper.

"In the past decade several courts have re-examined the suitability of this instruction in negligence cases. In the leading case, *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652, 320 P. 2d 500, 65 A. L. R. 2d 1, the Supreme Court of California overruled an earlier decision and held that the issue of unavoidable accident should not be submitted to the jury in any case (except when a definition of the term may be required by statute). From the opinion: 'The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. . . . Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose. . . .

" 'The instruction is not only unnecessary, but it is also confusing. When the jurors are told that "in law we recognize what is termed an unavoidable or inevitable accident" they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation.' " . . .

"We are of the opinion that in a typical negligence case the position taken by the California court is right. In such a case the plea of unavoidable accident is in fact nothing more than an assertion that the defendant was not guilty of actionable negligence. That defense should be submitted to the jury in terms of negligence and proximate causation. For the court to submit also an issue of unavoidable accident is, as the *Butigan* opinion pointed out, to suggest that unavoidability is a separate defense, requiring separate consideration by the jury.

"We do not foreclose the possibility that in exceptional situations an unavoidable accident instruction may be permissible. . . . But when, as here, the question is merely whether one or more of the parties were guilty of negligence we hold that the instruction in question should not be given."

From what has been said, it follows that in the case at bar the question being simply whether one or more of the parties were guilty of negligence, the trial court erred in giving an instruction on unavoidable accident.

Appellant has urged a number of other points for reversal, including alleged improper questioning by counsel for appellees. While it is obvious some of the questions were improper, appellant's objections were sustained and in the absence of a request by counsel for the court to admonish the jury to disregard the improper questions and appellant's apparent election to thus gamble on the outcome of the trial, we are unwilling here to say that prejudicial error was committed.

For the error in giving an instruction on unavoidable accident, the case is reversed and the cause remanded for new trial.

Justice WARD dissents. It is his view that it was harmless error to give the instruction which in his opinion was more favorable to appellant than to appellee.