RHODEN, ADM'R. *v.* LOVELADY.

5-3681                                                    395 S. W. 2d 756

Opinion delivered November 22, 1965.

1016

*Felver A. Rowell, Jr.* for appellant.

*Gordon & Gordon* for appellee.

FRANK HOLT, Associate Justice. The decedent, 82 years of age, was driving his car at a slow rate of speed in a westerly direction as he approached the entrance to his son's [appellant's] driveway. The driveway was on the south side of the highway. Appellee Lovelady, a salesman for appellee Jackson Cookie Company, was driving a truck in an easterly direction at a speed of approximately 40 to 50 miles per hour as he approached decedent's automobile. There was testimony that the decedent had his arm out the window giving a signal. Appellee Lovelady testified that he could see decedent's vehicle, apparently stopped, at a distance of 200 to 250 yards and observed no signal being given until he got closer; that the decedent stayed in the westbound or his proper traffic lane until appellee was 50 to 60 feet from him when decedent turned to his left into the eastbound or appellee's traffic lane where the fatal collision occurred. Appellee swerved to avoid the collision. According to appellee, he never at any time slowed the speed of his vehicle. The issues of negligence, based upon appellant's complaint and appellees' answer and counterclaim, were submitted to the jury which denied damages to both parties. From the judgment on this verdict appellant brings this appeal.

For reversal appellant contends that the trial court erred in giving appellees' requested instruction on unavoidable accident. The appellees argue, however, that since the jury found appellees free of negilgence in

answer to interrogatories that the instruction constituted harmless error.

In the case at bar, the pleadings and the evidence adduced indicated this accident was caused by the negligence of one or both of the parties and that this accident was not inevitable. It could not have happened without someone being negligent. In the very recent case of *Houston* v. *Adams,* 239 Ark. 346, 389 S. W. 2d 872, we re-examined the suitability of an instruction on unavoidable accident in negligence cases and disapproved it. There we said: "* * * when, as here, the question is merely whether one or more of the parties were guilty of negligence we hold that the instruction in question should not be given." Also, we stated that only in exceptional circumstances is such an instruction permissible. Such a situation would be where the alleged injury resulted from some cause other than the negligence of either party. See, also, *Burton* v. *Bingham,* 239 Ark. 436, 389 S. W. 2d 876. In our view the evidence in the case at bar did not make a submissible issue for the jury on the theory of an unavoidable accident and we reaffirm the cited cases. .

Appellant further contends that the trial court erred in not permitting the appellant to interrogate appellee Lovelady on cross-examination with reference to a statement made by him in his discovery deposition and, also, in refusing to allow this portion of the deposition to be read in evidence in chief by the appellant. This proffered evidence reads:

"A. I had the right of way. Mister, I can't wait for every guy to make up his mind and to try to out guess them."

Any part or all of a discovery deposition relevant to the issues may be used by an adverse party for any purpose. Ark. Stat. Ann. § 28-348(d) (Repl. 1962); *Superior Forwarding Co.* v. *Sikes,* 233 Ark. 932, 349 S. W. 2d 818; *Mabry* v. *Ross,* 237 Ark. 514, 374 S. W. 2d 361. Appellee Lovelady was an adverse party to the appellant. The statement by Lovelady in his deposition was an admis-

sion against interest and pertinent to the issue of appellees' alleged negligence. The declarations or admissions of a party against his own interest upon a material matter are admissible against him in the trial of an action in which he is a party. *Pacific Mutual Life Ins. Co.* v. *Butler,* 192 Ark. 614, 93 S. W. 2d 329; 20 Am. Jur., Evidence, § 544. We agree with the appellant that this part of the deposition is admissible both as evidence in chief and, also, as proper cross-examination. The appellees, of course, had the right to read to the jury any part or all of the deposition that might be explanatory of this selected portion.

Appellant's final contention is "that the verdict is contrary to the law and the evidence." We are of the view that the evidence presented issues of fact for the jury and it is within the jury's province, and not ours, to resolve factual issues in law cases.

Reversed and remanded.