## Oklahoma Tire and Supply *v.* Bass

5-3818                                  401 S. W. 2d 35

Opinion delivered March 21, 1966

*Smith, Williams, Friday & Bowen,* By: *William A. Eldredge* and *George Pike, Jr.,* for appellant.

*Terral, Rawlings, Matthews & Purtle* and *Wright, Lindsey & Jennings,* for appellee.

Ed. F. McFaddin, Justice. The appellants (defendants) prosecute this appeal from an order of the Circuit Court granting the appellees (plaintiffs) a new trial (Ark. Stat. Ann. § 27-2101 [Repl. 1962] as amended by Act No. 547 of 1963).

Appellee Bass and appellee Taylor filed separate actions against the appellants, Oklahoma Tire & Supply Company and Doyle Watts, its employee. Each plaintiff claimed damages resulting from a traffic mishap alleged to have been occasioned by the negligence of Watts. Testimony offered by the plaintiffs was to the following effect: Bass, in his Cadillac, and Taylor, in his Ford, were both proceeding north on Interstate 30, Bass being in the west lane and Taylor in the center lane. Appellant Watts, driving a truck of Oklahoma Tire & Supply Company, entered the Interstate Highway from the Roosevelt Road entrance lane on the east and proceeded north; and, in attempting to pass a vehicle in front of him,

Watts cut to the west into the lane being traveled by Taylor, who, to avoid a collision with Watts, cut to the west into the lane being traveled by Bass. Bass' car struck Taylor's car; and Watts' truck, untouched, went on to the north; but Taylor got the license number of Watts' truck.

The plaintiffs alleged personal injuries and property damage and claimed that Watts and Oklahoma Tire & Supply Company were guilty of negligence in that Watts swerved to the left and caused the collision. The defendants denied everything. At the trial, and on motion of the defendants, the Court gave this Instruction No. 4, as amended, on unavoidable casualty, which instruction read:

> "The burden rests upon the one who seeks to recover to establish by a preponderance of the evidence that the accident complained of was not the result of an unavoidable accident. An unavoidable accident is one not avoidable by precaution which reasonable men would be expected to take. Such an accident furnishes no basis for recovery."[1]

The jury's verdict was for Watts and Oklahoma Tire & Supply Company; but, on motion of the plaintiffs, the Trial Court set aside the verdict and granted a new trial, and recited in the order:

---

[1] The plaintiffs objected generally and specifically to the said instruction; and the special objections, *inter alia*, are as follows:

"First: This Instruction is an incomplete and inaccurate statement of the law in that it does not inform the Jury as to what constitutes an unavoidable accident, in that an unavoidable accident must, by definition, be one which occurs without negligence on the part of any party.

"Second: The Instruction is an incorrect. declaration of the law in that it states that the burden of proof rests upon a party seeking to recover to prove that the accident complained of was not the result of an unavoidable accident.

"Third: An unavoidable accident instruction cannot be given under the evidence introduced in this case.

"Fourth: The instruction is binding. . . . ."

"(1)   That the Court erred in giving the defendant's instruction on unavoidable accident and that the new trial should be granted to the plaintiffs, A. J. Bass and Horace Taylor because of said error."[2]

From the order of the Circuit Court granting a new trial, appellants, Watts and Oklahoma Tire & Supply Company, prosecute this appeal, and urge two points:

"I.   The Trial Court properly gave the unavoidable accident instruction.

"II.   Plaintiffs were not prejudiced by the giving of the unavoidable accident instruction."

We hold that the Trial Court was correct in granting the new trial. Our recent cases on unavoidable casualty instructions are: *Houston v. Adams*, 239 Ark. 346, 389 S. W. 2d 872; *Burton v. Bingham*, 239 Ark. 436, 389 S. W. 2d 876; and *Rhoden v. Lovelady*, 239 Ark. 1015, 395 S. W. 2d 756. In these Opinions we have tried to carefully delineate the rare situation when an instruction on unavoidable casualty should be given. In the case at bar, the Bass car would never have struck the Taylor car unless someone was negligent. That person was either Bass, for driving too fast; Taylor, for swerving into Bass' lane; or Watts, for forcing Taylor to swerve to the west into Bass' lane of traffic. So some party to this case was negligent. In *Rhoden v. Lovelady, supra,* we said:

"In the case at bar, the pleadings and the evidence adduced indicated this accident was caused by the negligence of one or both of the parties and that this accident was not inevitable. It could not have

---

[2]It is entirely proper for us to point out that the case was tried and the verdict returned on April 29, 1965, and that our Opinion in *Houston* v. *Adams*, 239 Ark. 346, 389 S. W. 2d 872, while delivered on April 26, 1965, was not printed and distributed for a few days thereafter and that the Trial Court granted the new trial as soon as it became cognizant of our Opinion in *Houston* v. *Adams*.

happened without someone being negligent. In the very recent case of *Houston* v. *Adams,* 239 Ark. 346, 389 S. W. 2d 872, we re-examined the suitability of an instruction on unavoidable accident in negligence cases and disapproved it. There we said: '* * * * when, as here, the question is merely whether one or more of the parties were guilty of negligence we hold that the instruction in question should not be given.' Also, we stated that only in exceptional circumstances is such an instruction permissible. Such a situation would be where the alleged injury resulted from some cause other than the negligence of either party. See, also, *Burton* v. *Bingham,* 239 Ark. 436, 389 S. W. 2d 876. In our view the evidence in the case at bar did not make a submissible issue for the jury on the theory of an unavoidable accident and we reaffirm the cited cases."

We conclude that the appellants should not have asked, and the Trial Court should not have given, the instruction on unavoidable casualty. Appellants say that the giving of the instruction was harmless because Watts' testimony was to the effect that he was not even on the Interstate Highway at the time of the traffic mishap, and the appellants say that the jury believed Watts. But how can anyone be positive that the jury reached its conclusion based on such evidence? The verdict was a general one reached by nine jurors. They might well have seized on the "unavoidable accident" instruction as a short way to get nine to agree.

The giving of the instruction was error; and the burden is on the appellants to demonstrate that the error was harmless. *Equitable Discount Corp.* v. *Trotter,* 233 Ark. 270, 344 S. W. 2d 334; and *Arkansas Highway Comm.* v. *Ptak,* 236 Ark. 105, 364 S. W. 2d 794. Appellants have failed to show that the error in giving the instruction was harmless.

The order granting a new trial is affirmed.