H. J. LEWIS ET UX v. JOHNNY CROCKETT

5-4276                                          420 S. W. 2d 89

Opinion delivered November 6, 1967

*James R. Howard,* for appellants.

*Sam Laser,* for appellee.

CARLETON HARRIS, Chief Justice. The question in this case is whether the Pulaski County Circuit Court (Third Division) committed error by giving an instruction to the jury on unavoidable accident. On January 25, 1963, in Little Rock, Mrs. Bessie Lewis, appellant herein,[1] was proceeding south on Mississippi Street, between 8:00 and 8:30 P.M., on her way home from a women's club meeting. A freezing rain had begun to fall, and the streets were becoming slick. When, according to her testimony, she reached the crest of a steep hill just north of the intersection of Mississippi and Gable, she stopped to try to determine whether the hill could be safely negotiated, and after watching other cars drive slowly down the hill without incident, proceeded to do likewise. After traveling approximately 100 yards, she was struck from the rear by an automobile driven by Johnny Crockett, appellee herein. Subsequently, appellant instituted suit, alleging personal injuries. On trial, the jury returned a verdict for Mr. Crockett, and from the judgment entered in accordance with the verdict, Mrs. Lewis brings this appeal. For reversal, only one point is relied upon, *viz.,* the lower court erred in giving appellee's requested instruction No. 1 (unavoidable accident) over the general and specific objections of the appellant.

---

[1] Both Mr. and Mrs. Lewis are appellants, but for convenience, we use the singular.

Mrs. Lewis testified that the Crockett car topped the hill (she could not see a set of headlights), and traveled toward her "very fast;" that she was moving slowly when the automobile struck the rear of her car. She said that appellee, when asked "why he was coming at such a terrific rate of speed," replied, "Well, I was going over 35 miles an hour when I hit you."

Crockett testified that his family had dinner with the family of Stanley Rushing at a restaurant, and then went to Rushing's home. The latter developed a bad headache, and appellee, accompanied by Rushing, went out to obtain aspirin. Appellee stated that as he started down the hill, he noticed a car stopped at the bottom.; that he blinked his lights, and honked his horn, thinking that the car would move on. Crockett said that he tried to avoid hitting the Lewis automobile, but was unable to do so. He denied making the statement that he was traveling 35 miles per hour. Rushing testified that Crockett was not driving fast, though appellee admitted that the two of them engaged in a conversation with a man, who lived near the scene, relative to appellee's speed: "The gentleman came out of the house and said he wanted to know why I was traveling fast and I told him I wasn't and Mr. Rushing said we weren't traveling fast."

Over appellant's general and specific objections, the court gave appellee's requested instruction No. 1 (AMI 604) reading as follows:

"If you believe from the evidence that the occurrence was an unavoidable accident, that is, one which was not proximately caused by negligence of any party in this case, then no one is entitled to recover."

The sole question on this appeal is whether the giving of this instruction constituted reversible error. We hold that the answer is, "Yes." The controlling case on this point is *Houston* v. *Adams*, 239 Ark. 346, 389 S. W. 2d 872. This opinion was rendered on April 26, 1965,

and three subsequent cases reiterate the rule announced in *Houston*.[2] First, let it be said that we have held that a collision is the result of an unavoidable accident if it is not attributable to negligence on the part of either party. *Houston* v. *Adams, supra,* and cases cited therein. The discussion in *Houston* is apropos in the present case There we said:

"In the past decade several courts have re-examined the suitability of this instruction in negligence cases. In the leading case, *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652, 320 P. 2d 500, 65 A.L.R. 2d 1, the Supreme Court of California overruled an earlier decision and held that the issue of unavoidable accident should not be submitted to the jury in any case (except when a definition of the term may be required by statute). From the opinion: 'The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury . . . Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.

\* \* \*

" 'The instruction is not only unnecessary, but it is also confusing. When the jurors are told that "in law we recognize what is termed an unavoidable or inevitable accident" they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation.'

\* \* \* \*

---

[2]*Burton* v. *Bingham*, 239 Ark. 436, 389 S. W. 2d 876, *Rhoden, Admr.* v. *Lovelady,* 239 Ark. 1015, 395 S. W. 2d 756, *Oklahoma Tire and Supply* v. *Bass*, 240 Ark. 496, 401 S. W. 2d 35.

"We are of the opinion that in a typical negligence case the position taken by the California court is right. In such a case the plea of unavoidable accident is in fact nothing more than an assertion that the defendant was not guilty of actionable negligence. That defense should be submitted to the jury in terms of negligence and proximate causation. For the court to submit also an issue of unavoidable accident is, as the Butigan opinion pointed out, to suggest that unavoidability is a separate defense, requiring separate consideration by the jury."

Appellee argues that *Houston* is not controlling here, since the facts are entirely dissimilar; that the instant litigation is controlled by *Industrial Farm Home Gas Company* v. *McDonald,* 234 Ark. 744, 355 S. W. 2d 174. The latter case was decided in March, 1962. The only similarity in the case before us and *Industrial Farm* is that the roadway was slick with ice, but other facts are entirely different. In *Industrial Farm,* both operators were admittedly driving slowly, and were only about 25 feet apart when they observed each other. Neither could have observed the other earlier. More than that, the testimony of both drivers was to the effect that the accident was unavoidable. Here, as already indicated by the recital of the facts, this situation does not exist. There is a very definite contention on the part of appellant that appellee was negligent, and the mere fact that a street or road is slick, does not, within itself, raise the issue of unavoidable accident. After all, in holding that this instruction should not have been given, we are not taking away appellee's defense, for it is his contention that he was not negligent, and before he can be determined to be liable, a jury must find that he was negligent, and that such negligence was a proximate cause of the alleged injuries complained of.

Perhaps it should again be emphasized that, since *Houston* v. *Adams, supra,* we have held that an unavoidable accident instruction is only permissible in exceptional situations. In that case, we mentioned, as an ex-

ample of an unavoidable accident, a collision occurring because of a driver, with no previous coronary disease, losing control of his car as a result of a sudden heart attack. Accidents caused by an "Act of God" might well be included—but certainly, no such issue is presented here.

However, appellee contends, even if the instruction constituted error, it was harmless error. Appellee says:

"When all the instructions are considered together, including those set out above, it would seem most unlikely that the jury would believe that unavoidable accident, as innocuously defined in AMI 604, presented a separate issue in addition to negligence and proximate causation."

This could be true, but, as pointed out in *Oklahoma Tire and Supply* v. *Bass, supra,* we do not know how the jury reached its verdict. As in that case, the verdict was general, and the jury might well have taken the unavoidable accident instruction as the basis of its finding.

In line with the cases cited, the judgment is reversed, and the cause remanded to the Pulaski County Circuit Court.

FOGLEMAN, J., dissents.

JONES, J., not participating.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent. Even if the instruction given were erroneous, I cannot see how it could possibly have been prejudicial. Appellee pleaded unavoidable accident as a defense. Each party alleged that the other was negligent in the operation of his automobile under the highway conditions. It is possible that the jury might have found that neither was guilty of negligence under the circumstances. If the jury could so find, then this was an un-

avoidable accident as defined by the instruction. The instruction is a correct statement of law and under these circumstances was not abstract. Thus, I cannot see where it did any harm.