Charlie R. BURDETTE *v.* Alfred MADISON

86-86                                               719 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered November 17, 1986

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*Michael E. Surguine*, for appellee.

JACK HOLT, JR., Chief Justice. The trial judge, in his order, characterized the automobile collision which is the subject of this lawsuit as an unavoidable accident, yet made findings as to the negligence of the parties. On appeal, appellant challenges the propriety of applying the unavoidable accident doctrine to the facts of this case and further claims the court's findings were against the preponderance of the evidence. We agree that the trial judge erred in finding that an unavoidable accident occurred, but affirm his holding on negligence. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(o).

The accident occurred on January 8, 1985, on Thomas Street in Stamps, Arkansas. The appellant, Charlie R. Burdette, was driving north when the appellee, Alfred Madison, pulled out of a parking space on the side of the street and the cars collided, resulting in property damage, but no personal injuries. Appellant and appellee work for Alan White Co., of Stamps and both men were on their way to lunch when the accident occurred.

Appellant testified that he was driving straight down the main road about ten miles per hour and when he got even with appellee's car the appellee pulled out and hit him. He claims appellee did not look into his rearview mirror before pulling out, nor did he use a turn signal.

Appellee testified that he got in his car, backed up and looked down Thomas Street, and, since he saw no one coming, he pulled into the street. The appellant then came along and hit him, he said. Two passengers in appellee's car also testified that they looked down Thomas Street before the appellee pulled out and that they did not see anyone coming either.

Although a police officer investigated the accident, he did not issue any tickets and he has since left the police force. He was not available to testify and the chief of police testified that the accident report filed by the officer could not be located.

The case was tried before a judge without a jury. After hearing the testimony, the judge held as follows:

> I do agree under normal circumstances the person proceeding down the roadway has the right of way, but I do find that these circumstances were not normal, and having been in municipal court for eight years once upon a time and having heard failure to yield cases, I am satisfied there is such a thing now as an unavoidable accident. This one, I feel, falls in that category and to the extent of negligence, I feel that neither driver was more than fifty percent negligent, and therefore your petition, or complaint is denied and your countercomplaint is denied.

"The term 'unavoidable accident' actually means a collision occurring without negligence on the part of either driver." *Caldwell* v. *McLeod*, 235 Ark. 799, 362 S.W.2d 436 (1962). It "is such an occurrence or happening as, under all the

attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned." *Sullivan* v. *Fanestiel,* 229 Ark. 662, 317 S.W.2d 713 (1958), *quoting, Uncapher* v. *Baltimore & O.R. Co.,* 127 Ohio St. 351, 188 N.E. 553 (1933).

This court began to take a restrictive approach regarding use of the unavoidable accident doctrine in *Houston* v. *Adams,* 239 Ark. 346, 389 S.W.2d 872 (1965). In that case the parties admitted that the collision was caused by the failure of the truck driver to obey a stop sign, but insisted that his inability to stop was due to an unexpected and unavoidable failure of his brakes to function. We adopted the reasoning of the California Supreme Court in *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652, 320 P.2d 500 (1958), where they stated:

> The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. . . . Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.

In adopting their reasoning, we acknowledged that "in exceptional situations an unavoidable accident instruction may be permissible." *Houston, supra.* As an example, this court mentioned that a wreck caused by a driver, with no previous history of coronary disease, who loses control of his car as a result of a heart attack, might be an unavoidable accident. *See also, Burton* v. *Bingham,* 239 Ark. 436, 389 S.W.2d 876 (1965); *Rhoden, Adm'r* v. *Lovelady,* 239 Ark. 1015, 395 S.W.2d 756 (1965); *Oklahoma Tire & Supply* v. *Bass,* 240 Ark. 496, 401 S.W.2d 35 (1966); *Lewis* v. *Crockett,* 243 Ark. 377, 420 S.W.2d 89 (1967); *Cannor* v. *Cooper,* 245 Ark. 386, 432 S.W.2d 761 (1968); *Nelson* v. *Busby,* 246 Ark. 247, 437 S.W.2d 799 (1969); *Moore, Adm'r* v. *Rye,* 255 Ark. 469, 500 S.W.2d 751 (1973); and 57 Am Jur 2d *Negligence* §§ 17, 18 pp. 359-60 (1971).

We have referred to unavoidable accident as a "largely discredited defense", *Evans* v. *Wilson,* 279 Ark. 224, 650 S.W.2d

569 (1983), and such an instruction was intentionally omitted from the second edition of the Arkansas Model Jury Instructions Civil "because it is applicable only in very rare instances" and "presence of the instruction" in the first edition "caused its use in a number of unjustified instances." AMI Civil 2d 604.

■ There is nothing "rare" or "exceptional" about the facts of this automobile accident. There is no claim of obstructed vision, wet or slippery conditions, illness of one of the drivers, or acts of God. The accident would not have happened but for the negligence of the drivers. Accordingly it was error for the trial judge to consider the doctrine of unavoidable accident as a partial basis for his decision. We do not reverse the judge's holding, however, because of the other language in his order. When the judge found that neither driver was more than fifty percent negligent, he, in effect, held that both drivers were fifty percent negligent.

■ The proper standard on appellate review of cases tried to the court sitting as a jury, is that "findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Commercial Union Ins. Co.* v. *Sanders*, 272 Ark. 25, 611 S.W.2d 754 (1981), *quoting Taylor* v. *Richardson*, 266 Ark. 447, 585 S.W.2d 934 (1979); Ark. R. Civ. P. Rule 52.

■ We cannot say that the trial judge's finding of facts leading to the conclusion that the parties were each fifty percent negligent was clearly against the preponderance of the evidence. The court could have found the appellant failed in the general duty of maintaining a reasonable lookout and of keeping his car under control, and that the appellee failed to use reasonable care in looking out for others, in yielding the right of way to other users of the road, and in failing to signal his intention to pull out. Annotation, 29 A.L.R.2d 107 § 2 pp. 111, 112 (1953). In so holding, the trial court had the advantage of hearing the testimony in court and assessing the credibility of the parties. We are always reluctant to usurp this function of the trial court, and in this case, we see no basis for doing so.

Accordingly, the judgment is affirmed.

HICKMAN, PURTLE, and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. Although I agree with the part of the majority opinion which holds that the accident was not unavoidable, I disagree with the affirmance of the judgment. There is not a scintilla of evidence that the appellant was negligent in any manner. The appellant was driving down a public street, well within the speed limit. He did not violate any statute or rule of the road. The appellee pulled out from a parked position alongside the traveled portion of the street without signalling and struck the side of appellant's vehicle.

I know of no rule of trial, appellate procedure or standard of review which justifies this decision. I would reverse and remand for a new trial.

HICKMAN, J., joins in this dissent.