## VANDEVER *vs.* WILSON.

To authorize a court to set aside a verdict, it must appear that the finding is contrary to evidence, or the weight of testimony; and so palpably wrong as to shock the sense of justice.

THIS was an action of debt, determined in the Crawford Circuit Court, at August term, 1843, before the Hon. R. C. S. BROWN, one of the circuit judges. Wilson sued Vandever on a bond for $220, bearing ten per cent. interest. V. pleaded that the consideration was usurious, and that the note was void. The plaintiff replied, denying the usury; issue, and trial by jury, who found for the plaintiff. V. moved for a new trial, but his motion was overruled—he excepted, and filed his bill of exceptions. There was a good deal of testimony offered, but the substance of it is stated in the opinion of the court, as is also that of the motion for new trial. Vandever appealed.

*Cummins*, for appellant.

*Paschal*, contra.

*By the Court*, LACY, J. The circuit court properly refused to award a new trial. The motion filed for that purpose is legitimately confined to a comparison and weight of evidence. It states that the issue formed was immaterial, and that the verdict was not responsive to it.

The verdict was responsive to the issue. The plea was usury, which was a material issue, and the finding negatived the usury. To authorize a court to set aside a verdict on this ground, it must appear, as it has often been declared, that the finding is not only contrary to evidence, or against the weight of testimony; but it must be so palpably wrong and unwarrantable as to shock the sense of justice of all reasonable persons. In the present instance the weight of evidence is in support of the verdict. It is in proof, that on the liquidation and settlement of previous obligations, Vandever executed the

bond sued on, and acknowledged it did not cover the whole amount due from him by three or four dollars, and he afterwards promised to pay for forbearance which was extended to him. Two witnesses show his entire satisfaction with the contract, and his willingness and execution of the bond, and one witness testifies that he expressed objection about the time he signed, but that nevertheless he executed the bond. Judgment affirmed.