FARMER *v.* SMITH.

5-1202                                                300 S. W. 2d 937

Opinion delivered April 1, 1957.

[Rehearing denied May 6, 1957]

*McCourtney, Brinton, Gibbons & Segars,* for appellant.

*Gus Causbie,* for appellee.

GEORGE ROSE SMITH, J. The appellee brought suit to' recover $83 from Verlin Farmer and attached a

truck assertedly owned by the debtor. The appellant, Verlin's sixteen-year-old son, intervened in the case and alleged that he had bought the truck from his father before the suit was filed. A jury verdict finding the appellant to be the owner was set aside by the trial court, upon the ground that the finding was contrary to the preponderance of the evidence. In appealing from this order the appellant has filed the required stipulation that judgment absolute may be rendered against him if the order is affirmed. Ark. Stats. 1947, §§ 27-2101 and 27-2150; *Bush* v. *Barksdale,* 122 Ark. 262, 183 S. W. 171, L. R. A. 1917A, 111.

In reviewing an order of this kind we do not reverse the trial judge's ruling unless it appears that he has abused his discretion by setting aside a verdict that is supported by a clear preponderance of the evidence. *Stanley* v. *Calico Rock Ice & Elec. Co.,* 212 Ark. 385, 205 S. W. 2d 841. We find no abuse of discretion in this case. The appellant testified that he paid his father $150 for the truck and produced an assignment of the certificate of title, ostensibly executed and sworn to by the elder Farmer some two and a half months before the vehicle was attached. This testimony is contradicted by that of the sheriff, who says that when he served the writ both the father and the son admitted that the boy had no documentary evidence of ownership. There is also proof that the father attempted to sell the truck to a third person after he had supposedly sold it to his minor son. The trial judge, in setting aside the verdict, doubtless took into consideration the fact that Verlin Farmer did not testify in his son's behalf, that the notary who signed the assignment of title was not called as a witness, and that a debtor's transfer of property to his sixteen-year-old son is a transaction which the law views with suspicion. In these circumstances we defer without hesitation to the trial court's firsthand opinion concerning the weight of the evidence.

Affirmed.