**PAULSON et, v. B. & L. MOTOR FREIGHT, Inc.**
**BEAUCHAMP et, v. B. & L. MOTOR FREIGHT, Inc.**
**NATIONWIDE MUTUAL INSURANCE CO., v. B. & L. MOTOR FREIGHT, Inc. et.**

Municipal Court of Cincinnati.

Nos. 621671, 628301, 621725.   Decided May 8, 1957.

174

Robert McIntosh, Louis Dietz, Cincinnati, for plaintiffs in Case No. 621671.

Edward J. Utz, Cincinnati, for plaintiffs in Case No. 628301 and for the plaintiff in Case No. 621725 and for the defendant McCoy in Case No. 621725.

Milton Bloom, Cincinnati, for the defendant B. & L. Motor Feight, Inc. in all three cases.

## OPINION

By BETTMAN, J.

The evidence in the instant cases shows the facts to be almost beyond dispute. The cases arise out of an automobile collision which occurred on the Lockland Highway, Hamilton County, Ohio, at approximately 3:30 p. m. on August 15, 1955. A tractor-trailer unit owned by defendant and operated by its driver in the course of its business, collided with the rear end of an automobile owned by plaintiff, Frances Paulson. This automobile, in turn, was pushed by the force of the collision against other automobiles stopped in line at a stop sign on the highway. Plaintiffs are all either owners of the automobiles damaged in the chain reaction from the collision or insurance companies subrogated to their rights against defendant, B. & L. Motor Freight, Inc.

The evidence showed that the driver of the B. & L. Motor Freight, Inc. tractor-trailer had been stopped at a traffic light and when the light changed had commenced accelerating. He had shifted into third gear and was proceeding at a rate between ten and fifteen miles per hour. When approximately 100 to 125 feet away, noticing the line of stopped vehicles in front of him, the driver had tried to apply his air brakes. using first the foot or service pedal and then the hand valve, to no effect. By this time he was within approximately 50 feet of the rearmost stopped vehicle and he applied his hand brake. This brake had very little effect (Deposition, page 23) and having no clear path to either side, the truck proceeded into the rear end of the line of stopped cars.

Without reviewing all of the evidence, it is sufficient to say that in the opinion of the court the driver of defendant's tractor-trailer was not guilty of any negligence in the operation of his vehicle, nor is there evidence which would sustain the burden of proof as to negligence by the driver or any other employee of defendant in the maintenance of the

vehicle. The evidence shows that the immediate cause of the collision was the unforeseen breaking of the air hose line.

In the judgment of this court, the decision in the instant case rests on an interpretation of §4513.20 **R. C.** Sec. 4513.20 **(A) R. C.**, provides "Every * * * motor vehicle * * * shall be equipped with brakes **adequate to control the movement of and to stop and hold** such * * * vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels." (Emphasis by the court.)

It is apparent that the legislature intended by this section to require two separate means of applying the brakes so that if one means failed, the vehicle would still be equipped with "brakes adequate to control the movement of and to stop * * * such * * * vehicle." Where the section states the vehicle shall have "two separate means of applying the brakes," the word "brakes" means brakes "adequate to control the movement of and to stop" such vehicle. The words "effective to apply the brakes to at least two wheels" do not lessen the requirement that the brakes be adequate to control the movement of and to stop the vehicle, but are an additional requirement.

Sec. 4513.20 **R. C.**, is not without its ambiguities and these ambiguities are reflected in the interpretations placed on various parts of the section in counsels' memoranda. Plaintiffs contend that defendant failed to comply with §4513.20(E) **R. C.**, in that the hand brake was connected to a drum on the drive shaft and this did not constitute a "positive connection from the operating lever to the brake shoes or bands." It obviously did constitute a positive connection to the tractor's two rear wheels which complies with the intent if not the letter of the paragraph, but whether this constituted compliance or not is immaterial. No evidence was introduced showing that any such failure, if it was a failure, proximately resulted in the damage.

Defendant argues that it did comply with the statute in that it did have two separate means of applying the brakes— a hand brake which complied with paragraph (E) and a service brake complying with paragraph (G). The court agrees that as far as the evidence introduced indicated, defendant did have such equipment. However, the court does not concur in the conclusion that compliance with paragraphs (E) and (G) is all that is necessary to comply with (A). The court is of the opinion that (E) and (G) are additional requirements not limitations on the requirement in (A) that there be two separate means of applying brakes adequate "to control * * * and * * * stop" the vehicle.

The fact that §4513.20 **R. C.**, sets up specific standards for the capabilities of the "service or foot brake" in paragraph (G) does not mean that there is no standard for the capabilities of the secondary brake system. It is up to the court to determine the meaning of the words in (A) "adequate to control * * * and to stop."

Was the secondary brake system "adequate"? The court is of the opinion that the evidence clearly indicates it was not. It was not able to stop defendant's vehicle travelling at a rate of twelve miles per hour, on a level concrete surface, within 40 or 50 feet. In fact, the evidence

clearly indicates that the secondary brake system was not even designed to stop the vehicle. It was "for parking only" (Deposition p. 26); "ample for holding a parked load" (Deposition p. 41); "effective as much as a parking brake could be" (Deposition p. 43); "not made to stop trucks" (Deposition p. 47).

The failure of defendant to comply with §4513.20(A) R. C., constitutes negligence and this negligence was the proximate cause of plaintiffs' damage.

Furthermore, in addition to the negligence shown by a violation of the statutory standard, the court is of the opinion that defendant is guilty of common law negligence. Negligence is defined as the failure to exercise that degree of care which persons of ordinary care and prudence are accustomed to use under the same or similar circumstances, in order to bring the enterprise engaged in to a safe and successful termination, having due regard for the rights of others and the object to be accomplished.

In common parlance, the secondary or hand brake system of vehicles is often referred to as the "emergency brake." That, it seems, would mean a brake sufficient to stop the vehicle in an emergency such as when the primary brake system failed, as it did here.

Is it the exercise of ordinary care in the year 1955 to operate a vehicle, weighing in excess of three tons with a load of 10 or 11 tons, on the crowded highways of this state equipped with a brake system which, without advance warning, through the severing of any one of a number of couplings or air lines, leaves the vehicle substantially without any means of being brought to a stop? In the judgment of this court it is not and such failure to exercise ordinary care constitutes negligence which proximately caused plaintiffs' damages.

The court is aware that the brake equipment carried on defendant's tractor-trailer is similar to that carried by many tractor-trailers presently on the road. That fact is not, however, conclusive as to the degree of care which should be exercised by an ordinary reasonably prudent man under the circumstances.

Plaintiffs argue that defendant is guilty of negligence in that it violated §4511.21 R. C.—the "assured clear distance rule." Technically this is true in that defendant's agent was obviously proceeding at a speed at which its secondary brake system could not halt the vehicle within an assured clear distance ahead. Plaintiffs draw the analogy to vehicles operated with defective brakes or lights. The court does not, however, see how this line of reasoning adds anything to the simple proposition that it was negligent to operate a vehicle at all without two adequate means of bringing the vehicle to a stop. The negligence was in the design of the vehicle, not in its operation. Unless it was negligent not to have two adequate brake systems, then there was no negligence. Defendant is not required by §4511.21 R. C., to operate his vehicle so as to avoid hitting anything under all conceivable circumstances. If defendant's vehicle had been equipped with two adequate brake systems and by some freak both had simultaneously failed, there would be no liability. Sec. 4511.21 R. C., does not make defendant an insurer.

Defendant in its memorandum raises the point that plaintiffs did not, in their petitions, allege a violation of §4513.20 R. C., as a cause of the collision. While this is true, the violation of the statute was involved during the trial and furthermore was made an issue by defendant's answer setting out the condition of defendant's brakes and plaintiff's reply thereto denying the answer. The court must take judicial notice of statutes of Ohio applicable to the facts in evidence.

All facts other than the negligence of defendant having been stipulated by counsel, an entry may be presented giving judgment to plaintiffs as prayed for.