CALDWELL *v*. McLEOD.

5-2833                                    362 S. W. 2d 436

Opinion delivered December 3, 1962.

O. W. *"Pete" Wiggins,* for appellant.

*Cockrill, Laser, McGehee & Sharp,* for appellee.

CARLETON HARRIS, Chief Justice.  This appeal relates
to an automobile accident which occurred in North Little
Rock on June 21, 1961.  Appellant, R. E. Caldwell, was
driving his automobile north on Olive Street and William
H. McLeod, appellee, was driving west on East Broad-
way.  The collision took place in the intersection.  Mc-
Leod instituted suit against Caldwell, alleging various
counts of negligence, and sought judgment against the
latter for damage to his automobile in the sum of $229.15.
Caldwell answered, wherein he denied the allegations of
negligence, and filed his own cross complaint, alleging
negligence on the part of McLeod.  Judgment was sought
in the amount of $1,008.50 as alleged damage to his auto-
mobile.[1]  The case was tried by the court, sitting as a jury.
Sole witnesses were appellant, appellee, and Sgt. Larry
W. Patterson of the North Little Rock Police Depart-
ment, who was called as a witness on behalf of appellee.
At the conclusion of the testimony, the court entered its
judgment, finding that the collision "was unavoidable,
and occurred without negligence on the part of either
driver''; the complaint and cross-complaint were there-

---

[1] Subsequently, Caldwell reduced his claim to $987.00.

upon dismissed. From this judgment, Caldwell brings this appeal; McLeod has not cross-appealed. Appellant relies upon one point, *viz.*, that the physical facts clearly establish that the damages to his car were caused by the sole negligence of appellee.

Caldwell testified that he was driving north on Olive Street, and stopped at a stop sign before entering into East Broadway. East Broadway is a four-lane thorough-way. According to the witness, an east-bound car on Broadway, driven by a lady unknown to appellant, had entered into the intersection, blocking his way across. This car then backed out of the intersection, and the lady signaled Caldwell to proceed. He stated that he looked, saw no traffic approaching and entered into the intersection. His car was struck by appellee.

Officer Patterson testified that the approximate point of impact was 13 feet south of the north curb of Broadway, and 4 feet west of the east curb line of Olive.[2] He stated that the accident happened 2 feet over the center line of the two west-bound lanes on Broadway.

McLeod testified that he was traveling west, in the inside lane (nearest to the center line); that "as the officer stated, there were cars blocking, or cars piled up on Broadway there with an opening for Olive Street". According to the witness, he was approximately two to three car lengths[3] from the intersection when he first saw the front of the Caldwell car entering into Broadway; that he hit the brake, and almost immediately struck appellant's vehicle. He estimated his speed at 25 to 30 miles an hour.

Of course, our view as to whether the collision was due to negligence on the part of either, or both parties, is immaterial; we are only concerned with whether there was substantial evidence to support the trial court's finding that the accident was unavoidable. We think this query is immediately answered if we pose but a single

---

[2] Broadway is about 44 feet wide.
[3] McLeod was driving a Ford Falcon.

question *viz.,* "Can it be said, as a matter of law, that there was negligence on the part of either litigant?" Unless that question can be answered in the affirmative, appellant cannot prevail. From the facts herein recited, it is apparent that the question of negligence was a question of fact (rather than a question of law), and the jury, or court, sitting as a jury, are the triers of fact questions. The term "unavoidable accident" actually means a collision occurring without negligence on the part of either driver. Appellant testified that he stopped at the stop sign, looked, and saw no cars approaching. Appellee testified that he was proceeding at a lawful rate of speed, and the Caldwell car suddenly came out from the side street; though he applied his brakes, there was not sufficient time to stop. In addition, the evidence reflected that there was gravel on the street, spilled from large trucks which had been hauling to the expressway, which could have made stopping more difficult. Certainly, the question of whether appellant, (after stopping at the stop sign), was negligent in moving on into Broadway, or whether appellee was driving too fast under the circumstances existing at the time, were questions of fact to be determined by the trial court, sitting as a jury. While the court, in reaching its conclusion, did not divulge its reasons, it could well have found that the accident was occasioned by the act of the unknown woman, who motioned to appellant to enter into Broadway, *i.e.,* the court could have found that the driver of this third car was entirely to blame for the collision.[4] While appellant argues that there was no substantial evidence to support the court's finding of unavoidable accident, he is really complaining (as set out in his point for reversal), that the court found no negligence on the part of appellee. This is actually the issue, since appellee has not cross-appealed; a finding of no substantial evidence that Caldwell was free of negligence would certainly not benefit appellant. We are unable to say from the record in this case, that there was no substantial evidence that

[4] Of course, the fact that one might be guilty of negligence in following the directions of an unauthorized "traffic director" would be of no aid to appellant in this case.

appellee was operating his automobile, under all the attendant circumstances and conditions, in the exercise of ordinary care, *i.e.*, without negligence.

Affirmed.

WARD, J., concurs.