Houston *v.* Adams

5-3536                                          389 S. W. 2d 872

Opinion Delivered April 26, 1965.

[As amended on denial of rehearing May 31, 1965.]

*Cockrill, Laser, McGehee & Sharp,* for appellant.

*McMath, Leatherman, Woods & Youngdahl,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellees, husband and wife, for personal injuries, loss of consortium, and property damage resulting from a traffic collision at a street intersection in North Little Rock. The defendants, the owner and the driver of the truck that struck the Adams car, filed an answer denying negligence on their part and pleading what was in substance a second denial of negligence; that is, that the collision was the result of an unavoidable accident. The jury verdict was for the defendants. On the plaintiffs' motion the trial judge set the verdict aside and ordered a new trial. This appeal is from that order.

Both sides agree that it is the trial judge's duty to set aside a verdict which he considers to be against the preponderance of the evidence, *Stanley* v. *Calico Rock Ice & Elec. Co.,* 212 Ark. 385, 205 S.W. 2d 841, and that we reverse his ruling only if we find an abuse of discretion. *Farmer* v. *Smith,* 227 Ark. 638, 300 S.W. 2d 937. It was formerly necessary for the appellant, in appealing from a motion granting a new trial, to file a stipulation consenting to judgment absolute if the order should be affirmed. Ark. Stat. Ann. §§ 27-2101 and -2150 (Repl. 1962). This requirement was taken out of the statute by Act 247 of 1963, which permits the appeal without the stipulation. Ark. Stat. Ann. § 27-2101 (Supp. 1963).

The defendants admit that the cause of the collision was the failure of the truckdriver, Perry Spence, to obey a stop sign at the intersection. They insist, however, that Spence's inability to stop was due to an unexpected and unavoidable failure of his brakes to function. Upon this theory they consider the verdict to have been supported by the weight of the evidence.

Spence testified that his service brake, operated by a pedal, had worked properly a few minutes earlier at a railroad crossing not far from the intersection where his truck

ran into the Adams car. When Spence attempted to stop at the intersection his service brake proved to be completely useless because (as he later learned) a leak had suddenly occurred in the hydraulic system. Spence at once attempted to apply his hand brake, but even at a speed of less than 30 miles an hour he was traveling too fast for this brake to do more than slow the truck down before the collision took place in the intersection. There is no contention that Mrs. Adams, who was driving by herself, was negligent.

The defendants, in disclaiming negligence, contend (a) that Spence was not at fault in failing to anticipate an abrupt breakdown in the hydraulic system, and (b) that there is no statutory requirement that the hand brake be capable of stopping the vehicle.

Upon the first point there was an issue of fact. The statute requires that all vehicles be equipped with adequate brakes. Ark. Stat. Ann. § 75-724 (Supp. 1963). A violation of this statute is evidence of negligence. Hence we have held that the jury may find negligence on the part of a driver whose brakes suddenly fail. *Pitts* v. *Green,* 238 Ark. 438, 382 S.W. 2d 904.

Point (b) is more difficult. Before the passage of Act 307 of 1959 the statute required that the service brake be adequate to stop a vehicle within 25 feet when traveling at 20 miles an hour and that the hand brake be adequate to stop it within 55 feet at that speed. Ark. Stat. Ann. § 75-724 (Repl. 1962). The appellants rely heavily upon the fact that Act 307 of 1959 eliminated the express requirement that the hand brake be adequate to stop the vehicle within any stated distance. § 75-724 (Supp. 1963).

Subsection (A, 1) of § 75-724, as re-enacted by the 1959 act, is pertinent:

"Every motor vehicle . . . . when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at

least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels.'' Subsection (A, 5) requires that the hand brake be capable of holding the vehicle stationary upon a grade. Subsection (B) requires that the service brake be capable of stopping the vehicle within a certain number of seconds at certain speeds.

The appellants insist that the basic requirement in Subsection (A, 1), that the brakes be adequate ''to control the movement of and to stop and hold such vehicle,'' means only that the service brake be capable of stopping the vehicle and that the hand brake be capable of holding it stationary when parked. In harmony with this theory they produced an expert witness who testified that the hand brake on Spence's truck was designed only to hold the vehicle and that it ''had no stopping power at all.'' Spence himself testified that the hand brake merely slowed the truck down just before the collision.

This argument overlooks the blunt requirement in the second sentence of Subsection (A, 1) that the two braking systems be so constructed that a failure of any one part of the operating mechanism shall not leave the vehicle without brakes on at least two wheels. Thus the appellants' insistence that the hand brake need have no stopping power is demonstrably fallacious, for under that theory every failure of the service brake would leave the driver of a moving vehicle with no brakes at all, contrary to the plain intent of the act. Two other courts, in construing statutes in all material respects identical with our 1959 act, have held that the hand brake must have stopping power. *Paulson* v. *B. & L. Motor Freight,* Ohio Mun. Ct., 145 N. E. 2d 364; *Rutz* v. *Anderson,* Wyo., 334 P. 2d 496.

We conclude that the proof, at least with respect to the hand brake, indicates negligence. Since there was no negligence on the part of Mrs. Adams the trial judge did not abuse his discretion in setting aside the verdict for the

defendants. In view of the necessity for a new trial we must consider two additional points urged by the appellees.

First, it is insisted that upon the facts of this case the trial court should not give an instruction submitting the issue of unavoidable accident to the jury. It is pertinent to observe that we have held that a collision is the result of an unavoidable accident if it is not attributable to negligence on the part of either party. *Elmore* v. *Dillard*, 227 Ark. 260, 298 S.W. 2d 338; *Caldwell* v. *McLeod*, 235 Ark. 799, 362 S.W. 2d 436. The defendants argue that since the jury *might* find that they were free from negligence the instruction is proper.

In the past decade several courts have re-examined the suitability of this instruction in negligence cases. In the leading case, *Butigan* v. *Yellow Cab Co.*, 49 Cal. 2d 652, 320 P. 2d 500, 65 A.L.R. 2d 1, the Supreme Court of California overruled an earlier decision and held that the issue of unavoidable accident should not be submitted to the jury in any case (except when a definition of the term may be required by statute). From the opinion: ''The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury . . . Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.

\* \* \* \*

''The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidablity is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining libility, that is, solely on the basis of negligence and proximate causation.''

The *Butigan* case was decided in 1958. Its rule has since been adopted in three other states. *Lewis* v. *Buckskin Joe's,* Colo., 396 P. 2d 933; *Vespe* v. *DiMarco,* 43 N. J. 430, 204 A. 2d 874; *Fenton* v. *Aleshire,* Ore., 393 P. 2d 217. On the other hand, five states have refused to follow the Butigan case. *Dietz* v. *Mead,* 2 Storey 481, 160 A. 2d 372; *Lallatin* v. *Terry,* 81 Ida. 238, 340 P. 2d 112; *Rodoni* v. *Hoskin,* 138 Mont. 164, 355 P. 2d 296; *Lucero* v. *Torres,* 67 N. M. 10, 350 P. 2d 1028; *Porter* v. *Price,* 11 Utah 2d 80, 355 P. 2d 66.

We are of the opinion that in a typical negligence case the position taken by the California court is right. In such a case the plea of unavoidable accident is in fact nothing more than an assertion that the defendant was not guilty of actionable negligence. That defense should be submitted to the jury in terms of negligence and proximate causation. For the court to submit also an issue of unavoidable accident is, as the *Butigan* opinion pointed out, to suggest that unavoidability is a separate defense, requiring separate consideration by the jury.

We do not foreclose the possibility that in exceptional situations an unavoidable accident instruction may be permissible. For example, in *Industrial Farm Home Gas Co.* v. *McDonald,* 234 Ark. 744, 355 S.W. 2d 174, both drivers testified in substance that the collision was unavoidable. That is the only case in which we have held that the court's refusal to give an unavoidable accident instruction was reversible error. Again, if a driver with no previous warning of coronary disease should lose control of his car as a result of a sudden heart attack, an ensuing collision might well be described as an unavoidable accident. But when, as here, the question is merely whether one or more of the parties were guilty of negligence we hold that the instruction in question should not be given.

Secondly, the appellees somewhat half-heartedly suggest that we should declare the appellants to be liable as a matter of law and remand the case for trial on the issue of damages only. It is not our province to decide issues of fact in law cases. In *Spink* v. *Mourton,* 235 Ark. 919, 362

S.W. 2d 665, we discussed at some length the reasons underlying the fact that a negligence case almost never presents a situation in which a directed verdict for the plaintiff is proper. That discussion fully answers the appellees' present contention and need not be repeated.

The judgment is affirmed and the cause remanded for a new trial.