444

Worth James Const. Co. *v.* Catherine Fulk ex'x

5-4023                                    409 S.W. 2d 320

Opinion delivered November 21, 1966
[Rehearing denied January 9, 1967.]

*McMillen, Teague & Bramhall* and *John B. Plegge,* for appellant.

*Fulk, Wood, Lovett, Parham, & Mayes,* for appellee,

George Rose Smith, Justice. In April of 1964 the defendant, Worth James Construction Company, was engaged in the performance of a private contract by which it was to construct a storm-sewer system to serve the pleasant Valley Addition to the city of Little Rock. On the morning of April 23, after a night of heavy rainfall, the plaintiff Frank M. Fulk, who lived near that subdivision, discovered that the den and utility room in the basement of his home were flooded to a depth of fourteen inches or more. There was extensive water damage to the residence itself and to furniture and other personal property. Fulk and his wife brought this action

against the Worth James company, asserting that its negligence had caused water from the uncompleted Pleasant Valley system to flood a manhole in front of the Fulks' house to such an extent that the water backed up through a floor drain in their utility room and inundated the premises.

The Worth James company denied any negligence on its part, insisting that its construction methods conformed to the plans and specifications set out in its contract with Pleasant Valley, Inc. The jury verdict was for the defendant, but the trial judge found the verdict to be against the preponderance of the evidence and ordered a new trial. This appeal is from that order. In such a situation the question here is whether the preponderance of the evidence supports the verdict so clearly that we must find an abuse of the trial judge's discretion. *Koonce* v. *Owens,* 236 Ark. 379, 366 S. W. 2d 196 (1963). (Frank M. Fulk died soon after the trial; the cause has been revived.)

Worth James, in the course of its construction, had connected the new Pleasant Valley 21-inch sewer line to the manhole in front of the Fulk home. That manhole was served by an existing 18-inch line that was part of the municipal storm-sewer system. When the Worth James employees quit work at the end of the day on April 22 they left an open unfinished manhole at a short distance up the new line from the Fulks' residence. Grassy Creek was only a few feet from that open manhole. According to the plaintiffs' evidence the rainfall during the night was so heavy that the creek overflowed its banks and discharged so much water into the unfinished manhole that the new 21-inch line was filled to capacity. Since that volume of water could not be carried away at once by the 18-inch municipal line, the water in the older manhole rose to a height above the Fulks' floor drain and caused the damage complained of.

At the trial the key point of controversy was whether the Worth James company should have plugged

the new line during construction by putting in a bulkhead or stopper below the unfinished manhole. Porter Pryor, an expert witness for the plaintiffs, testified that "in lines of this size normally bulkheads are installed." Worth James himself, as a witness for his company, testified that it was not customary to use such bulkheads and that his contract with Pleasant Valley, Inc., did not call for them. He conceded on cross examination, however, that in the construction of sanitary sewers (as opposed to storm sewers) "normally we will plug up our lines at night . . . to keep the surface water out of the drains if it happens to rain."

In seeking a reversal counsel for the appellant rely upon our familiar rule that a verdict supported by any substantial evidence will be upheld in this court. That rule does not apply to a case such as this one, where the trial court has set aside the verdict as being against the weight of the testimony. Here the issue, as we have said, is whether the trial judge abused his discretion.

In the case at bar we find no such abuse. We cannot attach controlling weight to the fact that the Worth James contract did not require the use of bulkheads. Presumably the contractual plans and specifications described the proposed storm-sewer system in detail, to the end that Pleasant Valley, Inc., would be sure of getting the exact system that it wanted and was willing to pay for. But that does not mean that the Worth James company had no responsibility in deciding *how* the contract was to be performed. The company unquestionably had the duty of using reasonable care in the construction of the system. Restatement, Torts (2d), § 384 (1965). If, for example, a building contractor should leave a live electric wire dangerously exposed overnight, it could not defend an ensuing action for personal injuries on the ground that the plans and specifications did not require that such wires be made safe before the workmen quit for the day. In the same way the jury could have found that this contractor was careless in not

taking any precautions against the overflow that actually occurred.

A salient fact, one that cannot be overlooked, is that the Fulks were plainly not at fault. They had no warning of the danger that threatened their house. Worth James, in his testimony, sought to disclaim responsibility by saying that his company had no way of anticipating such a heavy downpour. He admitted, however, that "we get rains like that occasionally, but they aren't common." We are not convinced that the clear preponderance of the evidence supports the view that the appellant was wholly free from negligence in failing to protect the Fulk home by installing a bulkhead or by temporarily reducing the output of the 21-inch main. It follows that there was no abuse of discretion in the court below.

Affirmed.