U. S. F. & G. Company v. Hattie Hagan

5-4871                                       439 S.W. 2d 915

Opinion Delivered April 14, 1969

[Rehearing denied May 26, 1969.]

*Shackleford & Shackleford* for appellant.

630

*Spencer & Spencer* for appellee.

CARLETON HARRIS, Chief Justice. On April 28, 1966, appellee, Hattie Hagan, was a passenger in an automobile operated by her sister, Lona Dennington, and being driven north on Highway 4, approaching the intersection at Cedar Street in downtown McGehee. Jerry Peacock was driving an automobile south on Highway 4 toward Cedar Street. The automobile driven by Mrs. Dennington slowed, and made a left turn into Cedar Street, and was struck by the Peacock vehicle at this intersection. Mrs. Dennington held a policy of liability insurance issued by appellant, United States Fidelity and Guaranty Company, which contained an uninsured motorist endorsement, and under its provisions, appellee Hagan was insured up to $10,000.00. This policy was in full force and effect at the time of the accident. Mrs. Hagan instituted suit against the company, alleging that she was painfully injured in the accident due to the negligence of Jerry Peacock, and that Peacock was operating an "uninsured automobile" as that term was defined in the policy. Judgment against appellant was sought in the amount of $9,500.00 ($500.00 having been previously paid under the medical coverage provision of the policy). On motion of appellant, Peacock was made a party defendant. Subsequently, Peacock answered, denying all material allegations of the complaint, and the company filed its separate answer denying that Peacock was legally obligated to Mrs. Hagan, though admitting that appellee had coverage under the uninsured motorist provision in the policy. On trial, the jury returned a verdict in favor of Peacock and the United States Fidelity and Guaranty Company, denying any recovery whatsoever to Mrs. Hagan. Thereafter, appellee filed a motion for a new trial, and the court granted this motion, finding "that the verdict of the jury is contrary to the preponderance of the evidence in this case, and should be set aside." From the judgment granting the new trial, both the company and Pea-

cock bring this appeal.[1]   For reversal, it is first asserted that the jury verdict was reasonable, and the action of the trial court in granting a new trial on the ground that the verdict was contrary to a preponderance of the evidence, was an abuse of discretion by the court. It is then contended that there was a failure of proof that Peacock was an uninsured motorist.

The company argues that the verdict rendered by the jury was in line with the evidence, and that, there being a conflict in the testimony as to negligence, the jury properly passed upon this question; that a court is not authorized to set aside a verdict as being against the weight of the evidence, unless it clearly appears that the jury finding is not only contrary to the evidence, but so palpably wrong as to shock the sense of justice. In support of this argument, two cases are cited, *Vanderer* v. *Wilson*, 5 Ark. 407, and *Singer Manufacturing Company* v. *Rogers* (1902), 70 Ark. 385, 67 S.W. 75.   The first case, decided in 1843, deals with usury, and this court upheld the Circuit Court in *refusing* to grant a new trial. The second case concerns a contract between the Singer Company and one of its employees.   Here again, the case does not deal with the propriety of the court's setting aside a verdict; rather, this court held that the Cirsuit Court *should have sustained the motion for new trial,* stating that the judgment against the company was clearly and palpably wrong.

We have pointed out in several recent cases that the only issue that arises on our review of the trial court's action in setting aside a verdict, is whether the trial judge abused his discretion.   *Worth James Construction Company* v. *Fulk,* 241 Ark. 444, 409 S.W. 2d 320; *Bowman* v. *Gabel,* 243 Ark. 728, 421 S.W. 2d 898, and cases cited therein.   We reiterate that we will not disturb the trial court's finding (that the verdict was against the weight of the evidence), unless it is evident that the court abused its discretion.   In some instances, we have held that the trial court abused its discretion in

[1]No brief has been filed in this court by Peacock.

632

setting aside a jury verdict, the most recent holding being found in *Ellsworth Brothers* v. *Mayes, Admr.*, handed down March 24, 1969, where we found that the trial court clearly abused its discretion in granting a new trial.

But we find no abuse of discretion in the case before us. It was stipulated by the parties that the speed limit at the intersection where the accident occurred was 30 miles per hour. The locale of the collision was in downtown McGehee during the noon hour. One eye witness testified that his attention was attracted to the Peacock car when he heard Peacock spin the wheels about a block away from the scene of the accident. He said that the vehicle passed him at a speed of approximately 50 miles per hour. The wife of this witness testified that the Peacock car "was doing fifty or probably sixty." There was evidence by a passenger in the Peacock automobile that she observed the Dennington automobile a half block away, as it entered the intersection. It would appear that Peacock had at least 150 feet of space in which to bring his car under control. Of course, it was the theory of appellant that Mrs. Dennington proceeded into the intersection when she did not have time to get across, and was thus negligent. Let it be remembered, however, that this litigation does not involve the degree of negligence between Peacock and Mrs. Dennington. Rather, the suit was instituted by Mrs. Hagan, a passenger in the Dennington automobile. There was no contention by appellant that the two sisters were engaged in a joint venture, and the only evidence of possible negligence on Mrs. Hagan's part is that she failed to warn of the approach of the Peacock car, which she said she saw approximately a block away as Mrs. Dennington turned into the intersection. This failure to warn could not have been a proximate cause of her injuries, since Mrs. Dennington testified that she too saw the automobile, about the same distance away, as she made the turn into the intersection. Be that as it may, we certainly cannot say that this evidence was so cogent that the trial judge, in setting aside the verdict, abused his discretion.

Nor can we agree that there was a failure of proof that Peacock was uninsured for the reason that it appears that this matter was covered by stipulation in chambers. While various matters were being stipulated, counsel for Peacock stated:

"While we are stipulating I would like to stipulate that the policy of insurance of USF&G was in full force and effect on the date of the accident and that Jerry Peacock was an uninsured motorist."

Though counsel for United States Fidelity and Guaranty was present, he made no comment, and it is now argued that this was only an offered stipulation, and that there was no response or agreement from counsel for the company. There are several reasons why this argument lacks merit. In the first place, it appears that appellant had already entered into a binding stipulation with regard to this fact. Prior to the quoted statement, counsel for the company had said:

" * * * U.S.F.&G. declares, affirms and is willing to stipulate that it will pay all sums that the plaintiff shall be found to be legally entitled to recover as damages from the defendant, Jerry Peacock because of bodily injuries sustained by the plaintiff caused by the accident of April 28th, 1966, up to the sum of $9,500.00 which represents the limits of the policy of insurance."

Counsel for Peacock did not want the name of the insurance company mentioned in the presence of the jury, as he considered that this might be prejudicial to his client. In discussing the matter, counsel for the company again stated:

"Judge, my stipulation and declaration goes to the fact that we agree that we are going to pay what sums that Mrs. Hagan is found to be entitled to recover as damages from Peacock, that therefore there is no issue of fact here as far as U.S.F.&G. is concerned in this case."

In a few moments, this position was repeated:

"We are stating that whatever damages the jury finds that Mrs. Hagan is entitled to recover against Peacock we are going to pay it and we will authorize and declare that a judgment can be entered for that amount against U.S.F.&G."

Again, appellant's counsel stated:

"Judge, what you have got, you have got a suit in tort and a suit in contract. The suit in tort is going to decide the issues of the suit in contract."

The court disagreed with the argument, and referred all issues to the jury.

It would certainly appear that counsel for appellee was justified in assuming that there was no necessity to offer proof that Peacock was an uninsured driver. Also, the trial judge gave the following instructions:

"You are instructed that the plaintiff, Hattie Hagan, can recover from the defendant, United States Fidelity and Guaranty Company, only if she recovers from the defendant, Jerry Peacock.

"If your verdict is for the plaintiff and against the defendant, Jerry Peacock, you will assess plaintiff's recovery in the amount you find from a preponderance of the evidence will reasonably and fairly compensate her for the damages sustained in accordance with these instructions. In such case you will also return a verdict against the defendant, United States Fidelity and Guaranty Company, for the amount of her damages, not to exceed, however, the policy limits of $9,500.00.

"In other words, any verdict against defendant, Jerry Peacock, will be for the full amount of the damages, if any, sustained by plaintiff, Hattie Hagan, but any verdict against defendant, United States Fidelity and Guaranty Company cannot exceed $9,-500.00."

Though an objection was made to the instruction by counsel for appellant on other grounds,[2] there was no complaint that the instruction was erroneous because of a lack of evidence that Peacock was an uninsured driver.

Affirmed.

[2]United States Fidelity and Guaranty Company offered an amendment to the instruction as follows:

"* * * If your verdict is for the defendant Jerry Peacock then in that event you must return a verdict for the defendant United States Fidelity & Guaranty Company; and the court overurled the defendants' objections, and the defendants at the time asked that their exceptions be saved and duly noted of record, which is hereby accordingly done."