VIRGIL GARRETT *v.* ROBERT J. PUCKETT

5-5812                                          478 S.W. 2d 48

Opinion delivered March 27, 1972

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*W. M. Herndon, Frank J. Gamble III,* for appellee.

J. Fred Jones, Justice. Robert Puckett and Virgil Garrett were driving their respective pickup trucks in the same direction and in the same traffic lane on Asher Avenue in the City of Little Rock. Garrett was behind Puckett and when Puckett stopped to permit a vehicle to turn from the street in front of him, Garrett's vehicle collided with the rear of Puckett's vehicle.

Puckett sued Garrett in the Pulaski County Circuit Court for personal injury and property damage, and Garrett answered with a general denial and a counterclaim for damage to his pickup truck. Both parties alleged the usual acts of negligence on the part of the other and a jury trial resulted in a verdict for Garrett on Puckett's complaint, and for Puckett on Garrett's counterclaim and a judgment was entered on the verdict. Pucket filed a motion to set aside the judgment and for a new trial and the motion was granted by the trial court. Garrett has appealed to this court contending that,

> "the trial court erred in setting aside the jury verdict and ordering a new trial."

At the trial, the parties offered conflicting evidence as to the cause of the collision; Puckett's evidence tending to prove that Garrett was following too close and too fast without paying attention to what he was doing, and Garrett's evidence tending to prove that Puckett stopped with-

out signal or warning in violation of law. In setting aside the verdict of the jury and the judgment thereon, the trial court found that the verdict of the jury was contrary to the evidence and without substantial evidence to support it.

The statute provides for the granting of a new trial when the verdict or decision is not sustained by sufficient evidence, Ark. Stat. Ann. § 27-1901 (Repl. 1962). Upon motion for a new trial, the trial court has a duty to review the verdict of the jury rendered on conflicting evidence *(Texas & Pacific Ry. Co. v. Stephens,* 192 Ark. 115, 90 S. W. 2d 978), and the trial judge has a duty to set aside a jury verdict when he finds it to be against the preponderance of the evidence. *Stanley v. Calico Rock Ice & Electric Co.,* 212 Ark. 385, 205 S.W. 2d 841; *Houston v. Adams,* 239 Ark. 346, 389 S.W. 2d 872. It is equally well settled that we only reverse the ruling of the trial judge in setting aside a verdict he finds to be against the preponderance of the evidence when we find that the trial judge has abused his discretion. *Houston v. Adams, supra; Farmer v. Smith,* 227 Ark. 638, 300 S.W. 2d 937; *Worth James Construction Co. v. Fulk,* 241 Ark. 444, 409 S.W. 2d 320; *Bowman v. Gabel,* 243 Ark. 728, 421 S.W. 2d 898; *U.S.F. & G. Co. v. Hagan,* 246 Ark. 629, 439 S.W. 2d 915.

A trial judge has the advantage of observing the demeanor of witnesses as he hears their testimony before a jury, whereas we must read their testimony from the printed page. Consequently, we do not pass upon the weight of the evidence in determining whether a trial judge has abused his discretion in setting aside a jury verdict and granting a new trial, for we recognize that his opportunity for passing on the weight of the evidence is far superior to ours, and we will not interfere with his judgment unless his discretion has been manifestly abused. *Meyer v. Bradley,* 245 Ark. 574, 433 S.W. 2d 160, *(Bowman v. Gabel, supra).*

We have held that the trial court has inherent power during the term to set aside its own judgment and that we will sustain the trial court's judgment in doing so unless

the verdict is so clearly supported by the preponderance of the evidence as to indicate abuse of discretion on the part of the trial judge. *Bobbitt* v. *Bradford,* 241 Ark. 697, 409 S. W. 2d 339.

In *Bowman* v. *Gabel, supra,* a jury verdict was set aside and a new trial granted by the trial court. On appeal to this court the appellant contended that the preponderance of the evidence supported the findings of the jury, and that the verdict should not have been set aside and in that case we said:

"Of course, we will not disturb a judgment based upon a jury verdict if there is any substantial evidence to support it (unless the court erred in giving the law). But whether there was any substantial evidence, or even a preponderance of the evidence, is not the test where the court has already set aside a verdict, and that action is appealed to this court. The proper test is stated in the recent case of *Worth James Construction Company* v. *Fulk,* 241 Ark. 444, 409 S.W. 2d 320. There, we said:

'In seeking a reversal, counsel for the appellant rely upon our familiar rule that a verdict supported by any substantial evidence will be upheld in this court. That rule does not apply to a case such as this one, where the trial court has set aside the verdict as being against the weight of the testimony. Here the issue, as we have said, is whether the trial judge abused his discretion.' "

We find no abuse of discretion in the case at bar so the judgment is affirmed.

Affirmed.