Wayne STOWE d/b/a UNION TRUCK
STOP *v.* Robert C. BOWLIN

75-225                                    531 S.W. 2d 955

Opinion delivered February 2, 1976

*Smith, Williams, Friday, Eldredge & Clark,* by: *Overton S. Anderson,* for appellant.

*Howell, Price, Howell & Barron,* for appellee.

ELSIJANE T. ROY, Justice. This action was brought by appellee, Robert C. Bowlin, a long-haul household goods trucker, against appellant, Wayne Stowe d/b/a Union 76 Truck Stop, for damages to appellee's truck. Appellee alleges that an employee of the truck stop in changing the oil in appellee's truck left out the drain plug. Approximately 10 miles from the truck stop, the engine froze and welded itself together because of lack of oil. Appellee sought damages, including repairs to his truck, rental expense for a replacement truck and lost profits totaling $10,543.19. The jury returned a verdict in appellee's favor for $1,491.50. On appellee's motion the trial court set aside the verdict on the grounds that "the issue of contributory negligence should not have been submitted to the jury and that the verdict was against the preponderance of the evidence."

For reversal appellant first contends the trial court erred

in ordering a new trial on the basis that the contributory negligence of appellee should not have been submitted to the jury.

Several witnesses testified that a diesel engine makes a substantial amount of noise when it loses oil; that such an engine will lose all of its oil in a very short time due to high pressure; that such an engine will run just a minute or two at high speeds without emitting knocking sounds. Appellee testified that his truck had an oil gauge and a temperature gauge which would be affected in the event of loss of oil. Appellee's own testimony was that he drove his truck about ten miles from the truck stop before he noticed his oil pressure was low and before he heard unusual sounds from his engine.

This court has held many times that the testimony of a party is not undisputed. *Woodward* v. *Blythe,* 246 Ark. 791, 439 S.W. 2d 919 (1969). Additionally, there was testimony that prior to the occurrences in this suit appellee had made a statement to the effect that his truck was about worn out and in need of replacement. Appellee admitted that he had expressed dissatisfaction with previous service from appellant.

We have consistently held that negligence and contributory negligence are questions for the jury unless the facts are undisputed. In *Wood* v. *Combs,* 237 Ark. 738, 375 S.W. 2d 800 (1964), we quoted from an earlier case as follows:

> This court has consistently held that where fair-minded men might honestly differ as to conclusions to be drawn from facts, whether controverted or incontroverted, the question at issue should go to the jury. (Citations omitted) * * *

See also *Ragon* v. *Day,* 228 Ark. 215, 306 S.W. 2d 687 (1957).

From the facts and permissible inferences in this case, the jury could reasonably have concluded that had appellee exercised the proper degree of care he could have noticed much sooner that the oil pressure was low, or that the water

temporature was high, or that noise from the engine was unusually loud, and thereby avoided extensive damage to the engine. The jury reasonably could have concluded that appellee was negligent in continuing to operate his truck and not heeding these warnings until the engine welded itself together from lack of oil. Therefore, we find that the trial court was correct in submitting to the jury the issue of contributory negligence; and consequently the verdict should not have been set aside for this reason.

Appellant next contends that the trial court erred in finding that the verdict was against the preponderance of the evidence. We recognize that the trial judge has the advantage of observing the demeanor of the witnesses, and in *Garrett* v. *Puckett*, 252 Ark. 233, 478 S.W. 2d 48 (1972), we said:

It is . . . well settled that we only reverse the ruling of the trial judge in setting aside a verdict he finds to be against the preponderance of the evidence when we find that the trial judge has abused his discretion. *Houston* v. *Adams, supra* [239 Ark. 346, 389 S.W. 2d 872]; *Farmer* v. *Smith,* 227 Ark. 638, 300 S.W. 2d 937; *Worth James Construction Co. v. Fulk,* 241 Ark. 444, 409 S.W. 2d 320; *Bowman* v. *Gabel,* 243 Ark. 728, 421 S.W. 2d 898; *U.S.F. & G. Co. v. Hagan,* 246 Ark. 629, 439 S.W. 2d 915.

We have carefully reviewed the record and find no abuse of the trial court's discretion in setting the verdict aside on this basis.

Since on a new trial certain issues will again be presented to the court we review appellant's contention that cross-examination of appellee "as to his undesirable discharge from the Navy and as to acts of sodomy committed by him" should have been allowed. We find merit in this contention.

Prior to the commencement of the trial, appellee made a motion *in limine* requesting the court to direct attorneys for appellant not to cross-examine plaintiff as to the basis for his undesirable discharge from the military service. The court granted the motion. Appellant made a proffer of proof, and

appellee admitted that he had engaged in various acts of sodomy before his discharge from the Navy in 1968 as well as "a couple of times" since then, but not within the year preceding the trial date of March 26, 1975.

This proof was offered to impeach appellee's credibility as a witness. Sodomy was a felony under Ark. Stat. Ann. §§ 41-813 and 41-814 (Repl. 1964) at the time of the occurrences involved herein.[1] *Bennett* v. *State,* 252 Ark. 128, 477 S.W. 2d 497 (1972).

*Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S.W. 2d 795 (1964) involved an action for personal injuries. The trial court refused to permit cross-examination of the plaintiff-police officer regarding his dismissal for misconduct from the police force. On appeal we held that:

> Counsel should have been permitted to cross-examine Appellee Digby as suggested. Wide latitude is permissible in cross-examining a party, who is to be treated as any other witness, to elicit facts contradicting his testimony given on direct examination or impeaching his credibility as a witness. (Citation omitted). * * *

In *Hale* v. *State,* 252 Ark. 1040, 483 S.W. 2d 228 (1972), we held it was error for the trial court to refuse to permit cross-examination of a prosecution witness as to acts of sodomy committed by her.

In *May* v. *State,* 254 Ark. 194, 492 S.W. 2d 888 (1973), Cert. denied 414 U.S. 1024, 94 S. Ct. 448, 38 L. Ed. 2d 315 (1973), where the trial court had precluded cross-examination regarding acts of adultery and the use of drugs, we found the exclusion to be error.

In *Bockman* v. *Rorex,* 212 Ark. 948, 208 S.W. 2d 991 (1948), we held that the same rules apply to the scope of cross-examination in civil cases as apply in criminal cases when credibility of a witness is attacked.

---

[1]The subject of sexual offenses is now governed by Act 280 of 1975 (Ark. Stat. Ann. § 41-1801 et seq., effective January 1, 1976).

In the case at bar the credibility of appellee was important as to whether he may have intentionally damaged his own property due to past disagreements with employees at appellant's truck stop or due to his desire to replace a truck described by him as worn out. Credibility was also of importance with respect to whether appellee exercised due care to prevent damage before his truck engine was ruined, and also in mitigation of damages. The cross-examination on this point should have been allowed.

In its concluding point appellant requests that in the event of a new trial we instruct the trial court not to admit evidence of lost profits. It would be inappropriate for this court to take such action since we do not know what will arise in the way of proof on damages in a new trial.

This cause is affirmed as indicated.

BYRD, J., not participating.