Jessie W. TONEY *v.* Sylvia MILLER

CA 79-93 597 S.W. 2d 102
Court of Appeals of Arkansas
Opinion delivered March 12, 1980
Petition for review denied April 14, 1980
Petition for rehearing denied April 23, 1980
Released for publication April 23, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Nathan Gordon,* for appellee.

ERNIE E. WRIGHT, Chief Judge. This is an appeal by Mr. Toney from an order of the Conway County Circuit Court vacating and setting aside the verdict of the jury, the judgment thereon and ordering a new trial. The jury returned a verdict against the appellee on her counterclaim for damages arising out of a motor vehicle accident. The motion for new trial, in addition to challenging the sufficiency of the evidence to support the verdict, alleged there was error of law at the trial materially affecting the substantial rights of the appellee. The order setting aside the verdict and judgment was based on the finding, "The verdict of the jury is not sustained by sufficient evidence and is against the clear preponderance of the evidence.

The appellant had filed a complaint for damages against the appellee, the appellee counterclaimed for damages, and at trial the jury verdict denied recovery on both the complaint and the counterclaim.

For reversal appellant asserts the trial court erred in granting a new trial on the counterclaim on the ground the verdict is against the preponderance of the evidence.

The burden of appellant's argument for reversal is directed at the circumstance that Circuit Judge Roberts who presided over the trial did not act upon the motion for new trial before he left office, and a transcript of the trial record was not available to Judge Eddy when he vacated the judgment and granted a new trial. The appellee filed with the motion for new trial a ten page brief which purported to set out the substance of the testimony of the witnesses and also argues the legal issues raised by the motion. The argument contended the verdict against the appellee on her counterclaim was against the preponderance of the evidence and that AMI Instruction 903 which included Ark. Stat. Ann. §§ 75-618(c) and 75-647 was erroneously given over

appellee's objection. The appellant filed a response to the motion along with a brief setting out appellant's version of the substance of the testimony that appellant urged the court to consider along with argument of the legal issues raised by the motion for new trial. Appellant's brief made no objection or issue about Judge Eddy not having the transcript of the trial available. Appellant's brief argued the correctness of AMI Instruction 903 as given.

The trial transcript now before us shows that Judge Eddy had before him in the briefs of the respective parties a fair summary of the evidence presented at trial. In addition respective counsel appeared before the court and argued the motion for new trial. Counsel for appellee orally summarized the material evidence developed at trial. At the conclusion of the rather lengthy summary by counsel for appellee, counsel for appellant objected to consideration of evidence that was adduced at trial on the ground there was no transcript of that evidence before the court. The judge ruled he would consider the evidence as summarized upon the assumption the evidence adduced at trial was as represented by counsel. Counsel for appellant did not dispute the testimony as summarized by appellee's counsel, but took the position he could not say what the testimony was, absent a transcript.

There was before the judge a substantially correct summary of appellant's testimony as found in the trial transcript that the appellee had stopped her car in the southbound lane of traffic on the highway in front of the car appellant was driving. Appellant was driving about thirty-five miles an hour and first observed the car stopped in his lane of traffic about 100 feet ahead of him. He did not apply brakes until he was about six feet from appellee's car. His vehicle collided with the rear end of appellee's car. He did not know why he did not apply his brakes earlier or pull over and pass in the other lane. There was no approaching traffic. The summary of the evidence before Judge Eddy and the transcript of the evidence at trial shows the appellee testified she slowly brought her car to a stop in the highway because of a skidding car out of control ahead of her, and that she had been stopped only seconds when her car was struck from behind by appellant's car.

The judge granted the motion for new trial on the assumption he was correctly apprised of the material evidence presented at trial. While unquestionably it is preferable for a judge who does not preside at the trial to have before him a transcript of the evidence before ruling upon a motion for a new trial, we cannot say the court abused its discretion or that the appellant was prejudiced since the summary of the material evidence before the judge is a fair summary of the evidence as disclosed by the transcript. On appeal, the order for a new trial should be sustained unless the evidence supports the verdict so clearly that an abuse of the trial judge's discretion must be found. The rule that a verdict supported by any substantial evidence must be upheld on appeal does not apply when the trial court sets aside the verdict as being against the weight of the evidence. *Worth James Construction Co. v. Fulk,* 241 Ark. 444, 409 S.W. 2d 320 (1966).

Appellee contended below and on appeal the court erred and appellee was entitled to a new trial because the court gave over appellee's specific objection the following AMI 903 Instruction.

> There were in force in the State of Arkansas at the time of the occurrence statutes which provided:
>
> Section 75-618(c): No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.
>
> Section 75-647: Upon any highway outside of a business or residence district no person shall stop, park or leave unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and clear view of such stopped vehicle be available from a distance of 300 feet in each direction. A

violation of one or more of these two statutes, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case.

Counsel for appellee objected to each of the above statutes being given. The objection to § 75-618(c) was on the basis the statute was inapplicable because the appellant testified he saw the appellee's vehicle. The thrust of appellee's argument appears to be that inasmuch as appellant saw the vehicle stopped 100 feet ahead, the giving of a signal indicating a stop or sudden decrease in speed would be of no consequence under the circumstances shown by the evidence. We believe this statute could properly be considered by the jury in weighing the evidence.

Counsel for appellee also objected to § 75-647 being read to the jury on the ground the statute does not apply to stops arising out of exigencies of traffic.

Since the undisputed evidence shows the appellee had not parked her motor vehicle upon the traveled portion of the highway, but shows she momentarily stopped because of the exigencies of traffic, we conclude it was prejudicial error for the court, over the objections of the appellee, to include the statute in the instructions. In *A.S. Barboro S Co.* v. *James,* 205 Ark. 53, 168 S.W. 2d 202 (1943), the court, over objections of the defendant, instructed the jury in the language of the parking statute § 75-647. The defendant had stopped or come to a near stop preliminary to making a left turn off the highway. The Supreme Court reversed, holding the non-parking statute had no place in the case. The Court said there was no such stopping or parking as was contemplated within the meaning of the non-parking statute.

We conclude the trial court erred by including Ark. Stat. Ann. § 75-647 (Repl. 1979) in the instructions. The failure of the trial court to include this error as a reason for granting a new trial does not preclude our considering the erroenous instruction as a ground for affirmance on appeal.

The order vacating the judgment and granting a new trial is affirmed.