Kimberly L. VANN (Dill) *v.* Richard M. COOK
and M.J. Construction Company, Inc.

CA 99-1441                                                      .17 S.W.3d 103

Court of Appeals of Arkansas
Division IV
Opinion delivered May 24, 2000
[Petition for rehearing denied June 28, 2000.]

*Baxter, Jensen, Payne & Young*, by: *Ray Baxter* and *John Payne*, for appellant.

*Anderson, Murphy & Hopkins, LLP*, by: *Randy P. Murphy* and *Mark Hagemeier*, for appellees.

MARGARET MEADS, Judge. This is an automobile accident liability case. Appellant appeals from a judgment based on a jury verdict in favor of the appellees on appellant's complaint of negligence. Appellant's only argument on appeal is that the trial court erred in refusing to instruct the jury with regard to Ark. Code

Ann. § 27-37-501 (Repl. 1994), which provides that every motor vehicle must be provided with adequate brakes.

On August 11, 1995, a three-vehicle accident occurred involving appellee Richard Cook; appellant, Kimberly Vann; and Tony Thompson, who is not a party to this appeal, at the intersection of Willie Ray Drive and James Drive in Cabot, Arkansas. Ms. Vann was traveling south on Ray Drive; Thompson was driving north on Ray Drive; and Cook was driving east on James Drive. Cook was driving a 1973 Chevrolet flatbed truck pulling a trailer with a dozer on it. The owner of Cook's vehicle was his employer, appellee M.J. Construction Company. The accident occurred when Cook failed to stop at a stop sign on James Drive and made a right turn onto Ray Drive to go south. Thompson, who was proceeding north on Ray Drive, hit part of Cook's trailer which extended into his lane of traffic, lost control of his vehicle, and hit the vehicle being driven by Ms. Vann.

Cook testified that he went through the stop sign, but that he had no alternative because his brakes did not work. He said that he had made more than one stop before the accident, and the brakes worked each time. However as he approached Ray Drive and applied the brakes, they "just did not work." He testified further that M.J. Construction is safety conscious and maintains its vehicles, and when the vehicle was repaired, the problem was that the vacuum booster on the brakes had failed. Trooper Gene Page, who investigated the accident, testified that there were no skid marks coming from James Drive.

Appellant argues on appeal that the trial court erred in failing to give her jury instruction based on AMI Civ. 3d 903, which provides a format for instructing the jury that violation of a statute may be considered evidence of negligence. The statute involved in this case is Ark. Code Ann. § 27-37-501 (Repl. 1994), which provides:

> (a)(1) Every motor vehicle, other than a motorcycle or motor-driven cycle, when operated upon a highway, shall be equipped with brakes adequate to control the movement of, and to stop and hold, the vehicle, including two (2) separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two (2) wheels.

(2) If these two (2) separate means of applying the brakes are connected in any way, they shall be constructed so that failure of any one (1) part of the operating mechanism shall not leave the motor vehicle without brakes on at least two (2) wheels.

The model instructions permit the statute to be quoted or summarized.

This is the instruction proffered by appellant:

AMI 903 VIOLATION OF STATUTE AS EVIDENCE OF NEGLIGENCE: There was in force in the State of Arkansas at the time of the occurrence a statute which provides: First: every motor vehicle . . . when operated on a highway, shall be equipped with brakes adequate to control the movement of, and to stop and hold, the vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be constructed so that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels.

Appellees objected to the instruction on the basis that § 27-37-501 was not applicable[1]. The trial judge responded that he believed it could have been applicable, but "it is in the transportation, and I think it's probably talking about eighteen wheelers, etc." The trial judge also said that he had read some case law that stated that a hand brake complies with the law.

Appellant alleges error because the statute is not limited to eighteen wheelers, appellees admitted that the brakes were defective, and there was no other excuse for the accident. A party is entitled to a jury instruction when it is a correct statement of the law, and there is some basis in the evidence to support the giving of the instruction. *Coca-Cola Bottling Co. v. Priddy*, 328 Ark. 666, 945 S.W.2d 355 (1997).

Here, the trial judge refused to give the instruction on the basis that it applied to eighteen wheelers and because a hand brake complied with the law. However, the statute provides that "every

---

[1] The instruction originally included wording regarding deceleration and stopping distance (Ark. Code Ann. § 27-37-502 (Repl. 1994)). The trial court stated that there was no testimony about decelerating and stopping distance, and appellant removed that part of the instruction with the court's permission.

motor vehicle" shall be equipped with brakes adequate to stop the vehicle. Our statute requires all vehicles to be equipped with adequate brakes, and a violation of this statute is evidence of negligence; a jury may find negligence on the part of a driver whose brakes suddenly fail. *Houston v. Adams*, 239 Ark. 346, 389 S.W.2d 872 (1965); *Brand v. Rorke*, 225 Ark. 309, 280 S.W.2d 906 (1955).

■ The proffered instruction was a correct statement of law, and there was evidence that appellees' brakes had failed, which constituted some evidence to support the giving of the instruction. Therefore, we find that the trial court erred in refusing to give appellant's proffered instruction, and we reverse on this point.

Reversed and remanded for a new trial.

ROBBINS, C.J., and BIRD, J., agree.